Case 2:23-cv-00316   Document 13   Filed on 01/31/24 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY LEE DAVIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00316 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johnny Lee Davis, proceeding *pro se*, has filed his second federal petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. No. 3.) The petition has been referred to the undersigned for review and action. Having conducted the screening required by 28 U.S.C. § 1915A, and for the reasons discussed below, the undersigned recommends that Petitioner's action be DISMISSED without prejudice to re-filing if Petitioner subsequently obtains proper authorization from the United States Court of Appeals for the Fifth Circuit. The district court should DENY a certificate of appealability and should also DENY as moot Petitioner's motion to conduct discovery (Doc. No. 12).

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636. Venue is proper in this

---

[1] *See also Davis v. Davis*, No. 2:20-cv-00162 (S.D. Tex.).

district because Petitioner was confined in this district at the time he filed this action.  *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).[2]

### B.  Background.

#### 1.  *Petitioner's underlying state conviction, state habeas actions, and first federal habeas case.*

Petitioner was convicted of criminal solicitation in 2017, in the 36th Judicial District Court in Aransas County, Texas.  *See Davis v. Davis*, No. 2:20-cv-00162, 2021 WL 4393152, at *1-3 (S.D. Tex. Mar. 15, 2021) (Hampton, M.J.), *adopted as modified*, 2021 WL 4391569 (S.D. Tex. Sept. 24, 2021) (describing history of Petitioner's underlying conviction).  He was sentenced to 18 years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and a $2,000 fine.  *See id*.  Petitioner appealed his conviction to Texas's Thirteenth Court of Appeals, but that court affirmed his conviction.  *See id*.

On November 26, 2018, Petitioner filed an application for writ of habeas corpus in the Texas Court of Criminal Appeals pursuant to Article 11.07 of the Texas Code of Criminal Procedure, asserting, among other claims, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Petitioner that his conviction had been affirmed and failed to advise him of his right to petition *pro se* for discretionary review.  *See Davis v. Davis*, 2021 WL 4393152, at *4; *see also* No. 2:20-cv-00162, Doc. No. 12-34, pp. 4-49 (S.D. Tex. Oct. 8, 2020).  The court found in favor of Petitioner and granted him leave to file an out-of-time petition for discretionary review, dismissing Petitioner's remaining claims.  *Davis v.*

---

[2]  Petitioner initially filed this action in the Southern District of Texas, Houston Division.  The case was subsequently transferred to the Corpus Christi Division on November 30, 2023, because Petitioner was, at the time he filed this action, confined in the McConnell Unit of the Texas Department of Criminal Justice-Correctional Institutions Division in Beeville, Texas, which lies in the Corpus Christi Division.  *See* Doc. No. 1.  As of the date of this memorandum and recommendation, Petitioner remains housed at the McConnell Unit.

*Davis*, 2021 WL 4393152, at *4.  Petitioner subsequently filed that out-of-time petition for discretionary review, but the Court of Criminal Appeals refused review.  *Id.*

Petitioner then filed a second Article 11.07 application on February 19, 2020, raising the following claims: (1) the state's evidence was legally insufficient to satisfy the requirements for a conviction of criminal solicitation of murder; (2) the trial court incorrectly allowed hearsay evidence; (3) the state used inadmissible evidence by introducing an extraneous offense to the solicitation (the victim's murder); (4) the trial court failed to instruct the jury on the corroboration requirement in a criminal solicitation case; (5) trial counsel failed to provide effective assistance of counsel.  *Davis v. Davis*, No. 2:20-cv-00162, Doc. No. 12-49, pp. 8-17 (S.D. Tex. Oct. 8, 2020).  The 36th Judicial District Court concluded that there were no controverted, previously unresolved facts from Petitioner's direct appeal that were material to the legality of Petitioner's confinement.  *Id.* at 62-63.  On March 23, 2020, the Court of Criminal Appeals denied Petitioner's Article 11.07 application without written order.  *Id.*, Doc. No. 12-46, p. 1.

On June 15, 2020, Petitioner filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See Davis v. Davis*, No. 2:20-cv-00162, Doc. No. 1 (S.D. Tex.).  There, Petitioner raised the same claims as his second state petition, *id.* at 6-7, 11-14, as well as one new claim—that the trial court and prosecutor "never had jurisdiction over Petitioner or subject matter," *id.* at 14.  The district court ordered service of process on Respondent, and Respondent subsequently filed a motion for summary judgment.  *Id.*, Doc. Nos. 8, 15.  United States Magistrate Judge Julie K. Hampton recommended that the district court deny Petitioner's petition, concluding that:

(1) Petitioner had not established that the state trial court unreasonably concluded that there was sufficient evidence to convict Petitioner, *Davis v. Davis*, 2021 WL 4393152, at *5;

(2) Petitioner's claim that the state trial court's admission of hearsay evidence was not an error as a matter of state law, and his claim that the state trial court should have applied state evidentiary rules differently is not a claim upon which relief can be granted, *id*. at *6;

(3) Petitioner did not establish that the state trial court's denial of his claim to exclude evidence related to the victim's order was contrary to, or an unreasonable application of, clearly established law, *id*.;

(4) Petitioner's claim that the state trial court misapplied state law by failing to include an instruction on criminal solicitation (Tex. Penal Code § 15.03) is not cognizable in federal habeas proceedings because he has not raised a violation of the Constitution, laws, or treaties of the United States, *id*. at 7 (citing § 2254; *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993), and although Petitioner's claim of a violation of his Sixth Amendment right to effective assistance of counsel was cognizable, he could not establish that the trial court's denial of his ineffective-assistance claim was contrary to, or an unreasonable application, of clearly established federal law or that he was prejudiced by the alleged deficiency of his counsel failing to object to the lack of an instruction, *id*.; and

(5) Petitioner failed to exhaust his claim that the trial court and prosecutor did not have the proper credentials and therefore lacked jurisdiction over the case because he did not raise it in either his petition for discretionary review or his Article 11.07 application, and even

if he had not procedurally defaulted this claim, he provided no evidence and cited no authority to plausibly assert his claim and therefore it was merely conclusory, *id*. at 8. Both Petitioner and Respondent filed objections to Judge Hampton's memorandum and recommendation, *see Davis v. Davis*, Doc. Nos. 26, 27, but the Court adopted the memorandum and recommendation with supplementation and modification, granted Respondent's motion for summary judgment, and denied Petitioner's petition for writ of habeas corpus and a certificate of appealability—dismissing the case. *Davis v. Davis*, 2021 WL 4391569 (S.D. Tex. Sept. 24, 2021) (Ramos, J.).

Although not disclosed in his instant petition, Petitioner did appeal the district court's denial of his § 2254 action to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit denied Petitioner's request for a certificate of appealability, concluding that Petitioner failed to make the requisite showing of the denial of a constitutional right to obtain a certificate of appealability and that he failed to appropriately raise certain claims, thereby abandoning them. *Davis v. Lumpkin*, No. 21-40809, 2022 WL 1237943 (5th Cir. Mar. 4, 2022).

### 2. *The instant § 2254 petition.*

On November 21, 2023, Petitioner filed the instant § 2254 action with a memorandum of law, legal authorities, and exhibits to support his grounds for relief. *See* Doc. Nos. 1, 4, 4-1. In this action, Petitioner reasserts—from his first federal petition—the claim that the trial court and prosecutors were not constitutionally qualified to act in an official capacity and did not have jurisdiction over Petitioner, the subject matter, or the judgment entered, nor did the prosecutors have the capacity to act because they "were sworn in with illegal oaths of office." (Doc. No. 1, p. 5; Doc. No. 4, pp. 18-20.) Petitioner also generally reasserts an ineffective assistance of counsel claim, but his claim is based on slightly different grounds. In this petition, he claims that

defense counsel failed to go over or request certain pieces of evidence or information, failed to interview any witnesses, failed to demand the *in camera* review of a fired detective's personnel record for possible *Brady* material, and did not file a disclosure of experts ahead of trial. (Doc. No. 1, p. 12; Doc. No. 4, pp. 30-32.) Petitioner claims that he could not raise these issues on direct appeal because he "was not aware of the illegal oath of prosecutors at the time of direct appeal" and "the factual and legal basis for the argument was not available at that time," but that he did assert the claim in his two state petitions. (Doc. No. 1, pp. 6, 12.)

Petitioner also brings several new claims which were not included in his first federal habeas petition. Petitioner newly asserts that he was "deprived adequate notice and time to acquire evidence" because the state trial court erred by denying his motion for a continuance during the pretrial period of the case, *see* Doc. No. 1, p. 7; Doc. No. 4, pp. 20-25, a claim that Petitioner states was denied by the Texas Court of Criminal Appeals, Doc. No. 1, p. 8. He also claims that the trial court denied his motion for continuance after being provided a "substantial amount of new evidence . . . 6 days before *voir dire*," and an *in camera* review of the files related to a fired police detective." *Id*. at 9-11; Doc. No. 4, pp. 26-29. Petitioner also states that he could not raise these claims on direct appeal because "the factual and legal basis for the argument(s) [were] not available to [him] at the time," but that he did raise it in his state petitions but that the Court of Criminal Appeals denied his state petition without written order. Doc. No. 1, pp. 7-11.

### C. Law.

"A claim presented in a second or successive habeas corpus application under [Title 28] section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §

2244(b)(1). Additionally, a claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was not presented in a prior application shall be dismissed unless –

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
>
>> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Even then, to bring such an action, the prisoner must first obtain authorization from the federal court of appeals, because second or successive applications for habeas relief must be "precertified by the court of appeals as falling within an exception to the successive-petition bar." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (per curiam); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. § 2244(b)(3)(A). Before a second or successive application permitted by section 2244 is filed in the district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Thus, this Court lacks jurisdiction over Petitioner's habeas action if it is "second or successive," unless Petitioner has obtained authorization from the United States Court of Appeals for the Fifth Circuit to file this action. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

An application for federal habeas relief which is filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), "even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n.7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)). Although the term "second or successive" is not defined in 28 U.S.C. § 2244 or elsewhere in the Antiterrorism and Effective Death Penalty Act, the Fifth Circuit has held that a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or "otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Claims based on a factual predicate that was not previously discoverable are nonetheless "successive." *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009); *see also* 28 U.S.C. § 2244(b)(2)(B)(i) (requiring that factual predicate for claim raised in second or successive claim must not have been previously discoverable through exercise of due diligence).

### D. Discussion.

As discussed above, Petitioner has previously challenged his state conviction of criminal solicitation through a § 2254 federal habeas petition—the same conviction he contests here. And, although Petitioner asserts claims previously unasserted in his previous federal petition, his instant habeas action constitutes a "successive" application because the claims referenced were, as asserted by Petitioner in his pleadings, raised in his state habeas petitions; even if they were not, they could have and should have been presented previously there and in Petitioner's earlier federal habeas action.

Because the pending petition is successive, Petitioner must seek authorization from the Fifth Circuit before this Court can consider his application. 28 U.S.C. § 2244(b)(3)(A). Yet,

Petitioner has offered no evidence or contention that he has obtained permission from the Fifth Circuit to file a successive § 2254 action. The undersigned's own research reveals that the Fifth Circuit denied Petitioner's only request for a certificate of appealability. *See Davis*, 2022 WL 1237943, at *1. Petitioner has not subsequently sought permission to file a successive action, nor has the Fifth Circuit issued an order authorizing the district court to consider a successive application for habeas relief. Because Petitioner lacks authorization, this Court "may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court." *Taylor v. Davis*, No. 4:17-cv-220-O, 2018 WL 5026280, at *2 (N.D. Tex. Oct. 17, 2018) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000)).

  Dismissal is the better path here. Authorization for a second or successive habeas petition should not be granted unless the petitioner makes a *prima facie* showing that his habeas action satisfies the requirements of § 2244(b). 28 U.S.C. § 2244(b)(3)(C). Petitioner has not shown that he can meet the requirements of § 2244(b)(2)(A) or (B): he does not allege the existence of newly discovered evidence or the existence of a new rule of constitutional law made retroactively applicable on collateral review. He merely asserts conclusory claims without describing any new or previously unavailable evidence. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). The undersigned concludes that, under these circumstances, transfer of Petitioner's action to the Fifth Circuit would be inefficient; accordingly, the undersigned recommends instead that Petitioner's action be dismissed. *See* 28 U.S.C. § 2244(b)(4); *cf. Benavides v. Davis*, No. 1:20-CV-010, 2020 WL 1068251, at *2 (S.D. Tex. Jan. 22, 2020)

(Torteya, M.J.), *adopted*, 2020 WL 1062993 (S.D. Tex. Mar. 5, 2020) (recommending dismissal because transfer would be inefficient).

The undersigned further recommends that the district court deny a certificate of appealability. District courts may deny such certification *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Petitioner has not made a substantial showing of the denial of a constitutional right, so the district court should deny a certificate of appealability.

Finally, the district court should deny as moot Petitioner's motion to conduct discovery (Doc. No. 12). Because this Court should dismiss Petitioner's § 2254 action as successive, discovery in that action is inappropriate.

### E. Conclusion and recommendation.

For the reasons stated above, the undersigned recommends that Petitioner's § 2254 action be DISMISSED without prejudice to his seeking authorization from the Fifth Circuit to file this action in this Court. The undersigned further recommends that the Court DENY a certificate of appealability. The district court should DENY as moot Petitioner's motion for discovery (Doc. No. 12).

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in

a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED January 31, 2024.

                                    MITCHEL NEUROCK
                                    United States Magistrate Judge